**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 22-00021-04

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

KENNETH RAY SMITH                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Before the Court is Defendant Kenneth Ray Smith's ("Smith") Motion for Compassionate Release or Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Record Document 282). The Government has opposed the motion (Record Document 293). For the reasons set forth below, Smith's Motion is **DENIED**.

**FACTUAL BACKGROUND**

On December 5, 2022, Smith entered a plea of guilty to one count of possession with intent to distribute at least five grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). See Record Document 293 at 1. On September 22, 2023, the Court sentenced Smith to 140 months of imprisonment on the methamphetamine count and 60 months on the firearm count, to run consecutively, for a total term of 200 months, followed by four years of supervised release. See id. at 1–2. Smith appealed his sentence, and the Fifth Circuit affirmed the Court's judgment on May 16, 2024. See id. at 2.

Smith filed the instant motion seeking compassionate release on August 5, 2024. See Record Document 282. In his motion, Smith asserts that extraordinary and compelling reasons exist based upon what he characterizes as a sentencing disparity

between "Actual Methamphetamine" and "Methamphetamine Mixture," which he contends reflects a fundamentally flawed sentencing guideline. See id. at 1–5. He further argues that he received an unwarranted two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. See id. at 12–15. Smith also references his post-sentencing rehabilitation efforts while incarcerated. See id. at 15–17.

The Government opposes the motion, arguing that Smith's complaints regarding the application of the Guidelines do not constitute extraordinary and compelling reasons and are not cognizable under § 3582(c)(1)(A), and that the factors set forth in 18 U.S.C. § 3553(a) weigh strongly against release. See Record Document 293.

## LAW AND ANALYSIS

### I.    Applicable Standards

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Smith moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling

reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II.    Analysis

Smith's arguments do not satisfy the standard of extraordinary or compelling. His primary contention is that the distinction between "Actual Methamphetamine" and "Methamphetamine Mixture" results in an unwarranted sentencing disparity and reflects a flawed guideline. See Record Document 282 at 1–5. He also challenges the application of the two-level enhancement for maintaining a drug premises. See id. at 12–15. These arguments amount to policy disagreements with the methamphetamine guidelines and challenges to the Court's application of the Guidelines at sentencing.

Such claims do not fall within any of the categories enumerated in U.S.S.G. § 1B1.13(b). They are not based on medical conditions, age, qualifying family circumstances, victimization, or an unusually long sentence resulting from a change in the law. Rather, they are disagreements with how the Guidelines were applied in this case.

Moreover, the Fifth Circuit has made clear that "extraordinary" means "beyond or out of the common order" and that "compelling" refers to circumstances that are forceful and exceptional. United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023). Smith's disagreement with the methamphetamine guidelines and with the premises enhancement is neither extraordinary nor unique.

In addition, Smith's arguments are not properly brought in a compassionate release motion. As the Fifth Circuit explained in Escajeda, a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence; such arguments must be raised on

3

direct appeal or through habeas proceedings. See id. at 186–87. Smith appealed his sentence, and the Fifth Circuit affirmed. A compassionate release motion is not a vehicle for re-litigating guideline calculations or asserting policy disagreements with the Sentencing Commission. Accordingly, Smith has failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction.

Even if Smith had established extraordinary and compelling reasons, compassionate release would remain unwarranted after consideration of the factors set forth in 18 U.S.C. § 3553(a). The nature and circumstances of the offense are serious. Smith sold methamphetamine in multiple controlled purchases from his residence. See Record Document 293 at 9. During execution of a search warrant, agents recovered additional methamphetamine, and Smith was armed with a .38 caliber handgun located in his pocket. See id. His offense involved both drug trafficking and possession of a firearm in furtherance of that trafficking.

Smith's criminal history is extensive and troubling. The record reflects numerous prior convictions spanning decades, including violent offenses. See id. His history demonstrates a persistent pattern of criminal conduct and recidivism. The Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. These factors weigh heavily against early release.

Smith has served only a portion of his 200-month sentence. Reducing his sentence at this stage would undermine the seriousness of his offense conduct and would fail to adequately deter future criminal activity or protect the public from further crimes. While the Court acknowledges Smith's assertions regarding post-sentencing rehabilitation,

rehabilitation alone cannot constitute an extraordinary and compelling reason for relief and does not outweigh the seriousness of his offense and criminal history. Having considered the applicable policy statement and the § 3553(a) factors, the Court concludes that Smith is not entitled to compassionate release.

**CONCLUSION**

Based on the reasons explained above, Smith's Motion for Compassionate Release or Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Record Document 282) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of March, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT